**Dennis MURRAY, Plaintiff—Appellant,**

v.

**WASHINGTON STATE DEPARTMENT OF ECOLOGY; James Bellatty; Megan White; Polly Zehm; Benjamin C. Weller, as the Personal Representative of the Estate of Nancy C. Weller; Estate of Nancy C. Weller, Defendants—Appellees.**

No. 08–35206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 5, 2009.

Stephen Ross Matthews, Phillabaum Ledlin Matthews & Sheldon PLLC, Spokane, WA, for Plaintiff–Appellant.

Dannette W. Allen, Assistant Attorney General, Attorney General of Washington, Spokane, WA, for Defendants–Appellees.

Before: CANBY, THOMPSON and CALLAHAN, Circuit Judges.

MEMORANDUM [*]

Dennis Murray appeals the district court's grant of summary judgment in favor of the defendants, who were Murray's superiors at the Washington State Department of Ecology ("Department") during the relevant period. Reviewing the district court's order de novo, *Posey v. Lake Pend Oreille Sch. Dist. No. 84,* 546 F.3d 1121, 1126 (9th Cir.2008), we affirm.[1]

Even assuming that Murray spoke as a private citizen on matters of public concern and that his speech was a motivating factor for the adverse employment actions taken against him, we conclude under the *Pickering* balancing test that the defendants had adequate justification for treating Murray differently from other members of the general public. *See Eng v. Cooley,* 552 F.3d 1062, 1070–71 (9th Cir. 2009). The Department's interests in effecting the timely and efficient completion of the TMDL process and otherwise carrying out its mission in an effective manner outweighed Murray's First Amendment interests. *See Waters v. Churchill,* 511 U.S. 661, 675, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) (plurality); *Dible v. City of Chandler,* 515 F.3d 918, 928 (9th Cir.2008). For similar reasons we conclude that the "prior restraints" imposed on Murray were justi-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

fied under the *Pickering* balancing test. *See Gibson v. Office of Att'y Gen.*, 561 F.3d 920, 926–27 (9th Cir.2009) (applying the *Pickering* balancing test in evaluating prior restraint on a public employee's First Amendment activity); *accord Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 649–50 (9th Cir.2006). Accordingly, we conclude that Defendants did not violate Murray's constitutional rights.

**AFFIRMED.**